# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| M.L. P/N/G OF MINOR CHILD, JANE DOE, ) ) ) | |
| Plaintiff, ) ) | CASE NO.: _____ |
| v. ) ) | JURY DEMANDED |
| MOONSHINE MOUNTAIN COASTER D/B/A T&L INVESTMENTS, LLC, ) ) ) | |
| Defendant. ) ) | |

## COMPLAINT

Plaintiff, M.L. p/n/g of minor child, Jane Doe ("Plaintiff"), sues Defendants MOONSHINE MOUNTAIN COASTER d/b/a T&L INVESTMENTS, LLC ("Defendant"), and alleges:

## PARTIES

1. Plaintiff, M.L., is a citizen of the state of Alabama.

2. Defendant, MOONSHINE MOUNTAIN COASTER d/b/a T&L INVESTMENTS, LLC, is a business with a principle address of 306 Parkway, Gatlinburg, TN 37738.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendants because the underlying personal injury Plaintiff suffered occurred in Gatlinburg, Tennessee and Defendants undertook the

representation of Plaintiff with regard to that personal injury seeking recovery on Plaintiff's behalf in Tennessee and under Tennessee law.

## FACTS

5. On July 6, 2023, Plaintiff and his family, including his minor daughter, Jane Doe, were guests at the Moonshine Mountain Coaster.

6. After Plaintiff's daughter, Jane Doe, rode the Mountain Coaster the first time, Defendant employee, Kimarni Deer, who was operating the ride, stopped Doe and asked her for her phone number. Upon information and belief, Mr. Deer was an illegal alien and using a fake name.

7. Jane Doe declined to give Deer her phone number and told him she had a boyfriend.

8. Jane Doe got back in line to ride the coaster again.

9. As Doe was about to disembark the second ride, Deer began to unfasten Plaintiff's seatbelt and then put his hand between her legs and groped her.

10. Doe ran inside to tell her brother and her girlfriend what had happened.

11. They then told the manager about the incident.

12. During that time, police were called and Kimarni Deer fled the premises.

13. When questioned by the police detective, the General Manager claimed to have "limited information" about the employee or his employment.

14. As the result of the incident, the Plaintiff suffered anxiety, mental anguish, extreme stress, and mental trauma.

## COUNT ONE – NEGLIGENT HIRING

15. Plaintiff re-alleges and incorporates paragraphs 1-13 above.

16. This is an action for negligent hiring against Moonshine Mountain Coasters.

2

Case 3:24-cv-00287-TAV-DCP   Document 1   Filed 07/01/24   Page 2 of 7   PageID #: 2

17. Upon information and belief, Deer had only been working at Moonshine Mountain Coasters for two days prior to Plaintiff's injury.

18. Upon information and belief, Deer was in the country illegally and using an alias.

19. Moonshine Mountain Coasters failed to perform a proper background check and otherwise screen its employees to prevent injury to customers, including Plaintiff and her family including but not limited to the following actions:

    a. Verifying the employee's proper identity;

    b. Verifying the employee's correct address; and

    c. Verifying the employee's criminal history;

20. At all material times, Kimarni Deer was an employee of Moonshine Mountain Coasters, acting within the scope of his employment and/or agency.

21. Moonshine Mountain Coasters is liable for the actions and inactions its employees.

22. As a direct and proximate result of Moonshine Mountain Coasters breaches of its duties, Plaintiff has suffered significant damages.

WHEREFORE, Plaintiff requests the entry of a judgment against Defendant Moonshine Mountain Coasters for damages and any other relief the Court deems to be just and proper.

## COUNT TWO – NEGLIGENT TRAINING/SUPERVISION

23. Plaintiff re-alleges and incorporates paragraphs 1-13 above.

24. This is an action for negligent training and supervision against Moonshine Mountain Coasters.

25. At all times material hereto, Kimarni Deer was an employee of Moonshine Mountain Coasters, acting within the scope of his employment/agency.

3

Case 3:24-cv-00287-TAV-DCP   Document 1   Filed 07/01/24   Page 3 of 7   PageID #: 3

26. Upon information and belief, Deer had only been working at Moonshine Mountain Coasters for two days prior to Plaintiff's injury.

27. Moonshine Mountain Coasters failed to properly train and supervise its employees to prevent injury to customers. Such failures include but are not limited to:

    a. Failure to train employees about appropriate conversation/contact with customers;

    b. Failure to train employees about appropriate physical contact with customers;

    c. Failure to train employees about sexual harassment; and

    d. Failure to monitor the cameras located on the premises and intervene when employees behave inappropriately.

28. Through the actions and inactions set forth in the incorporated paragraphs above, Moonshine Mountain Coasters directly and proximately caused significant damages to Plaintiff.

WHEREFORE, Plaintiff requests the entry of a judgment against Defendant Moonshine Mountain Coasters for damages and any other relief the Court deems to be just and proper.

## COUNT THREE- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff re-alleges and incorporates paragraphs 1-13 above.

30. This is an action for intentional infliction of emotional distress against Moonshine Mountain Coasters.

31. Defendant's employee engaged in a pattern of intentional and outrageous activity with Plaintiff that was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

32. At all relevant times, Defendant knew or should have known that his conduct would cause Plaintiff to experience, among other things, severe emotional distress and mental trauma.

33. Defendant's employee knew or should have known that his conduct would cause severe emotional distress and mental anguish and would make Plaintiff vulnerable to numerous ill effects on her psychological wellbeing.

34. Defendant's employee's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community; such conduct resulted in severe physical and emotional distress to Plaintiff.

35. Defendant's conduct was a result of a willful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to Plaintiff's health, safety and welfare.

36. As a direct and proximate cause of Defendant's employee's intentional conduct, Plaintiff suffered physical, emotional, and psychological injuries, at least some of which are of a permanent and lasting nature.

37. At all relevant times, Defendant employee was an employee or agent of Moonshine Mountain Coasters, acting within the scope of his employment or agency. As such, in addition to being directly liable under this cause of action, Moonshine Mountain Coasters is vicariously liable for the torts committed by Defendant under the doctrine of respondeat superior.

38. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

## **COUNT FOUR- BATTERY**

39. Plaintiff re-alleges and incorporates paragraphs 1-13 above.

40. This is an action for battery against Moonshine Mountain Coasters.

5

41. By way of the above-described actions, Defendant's employee engaged in the intentional touching of Doe in a harmful and offensive manner, without Doe's consent.

42. As a result of being battered by Deer, Plaintiff suffered physical, emotional, and psychological injuries, at least some of which are of a permanent and lasting nature.

43. At all times material hereto, Deer was acting within the scope of his duties on behalf of Moonshine Mountain Coasters.

**PRAYER FOR RELIEF**

1. Enter judgment on Count I of the Complaint in favor of Plaintiff and against Defendant Moonshine Mountain Coasters and award damages for negligent hiring in an amount to be determined by the jury;

2. Enter judgment on Count II of the Complaint in favor of Plaintiff and against Defendant Moonshine Mountain Coasters and award damages for negligent training in an amount to be determined by the jury;

3. Enter judgment on Count III of the Complaint in favor of Plaintiff and against Defendant Moonshine Mountain Coasters and award damages for intentional infliction of emotional distress in an amount to be determined by the jury;

4. Enter judgment on Count IV of the Complaint in favor of Plaintiff and against Defendant Moonshine Mountain Coasters and award damages for battery in an amount to be determined by the jury;

5. Award Plaintiff such other, further and additional relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable in this case.

Dated: July 1, 2024

                                                Respectfully submitted,

                                                /s/ Carrie LaBrec
                                                _____
                                                MORGAN & MORGAN
                                                Carrie LaBrec, BPR No. 026865
                                                810 Broadway, Ste. 105
                                                Nashville, TN 37203
                                                Phone: (615) 780-6310
                                                Fax: (615) 780-6410
                                                clabrec@forthepeople.com
                                                *Attorney for Plaintiff*